UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINE BLANTZ,<br><br>              Plaintiff,<br><br>     v.<br><br>CALIFORNIA DEPARTMENT OF<br>CORRECTIONS AND<br>REHABILITATION, DIVISION OF<br>CORRECTIONAL HEALTH CARE<br>SERVICES, *et al.*<br><br>              Defendants. | Civil No. 09cv2145-L(BLM)<br><br>**ORDER (1) GRANTING WITH<br>LEAVE TO AMEND DEFENDANT<br>TERRY HILL'S MOTION TO<br>DISMISS; AND (2) GRANTING<br>WITH LEAVE TO AMEND THE<br>REMAINING DEFENDANTS'<br>MOTION TO DISMISS** |

In this wrongful termination action by a nurse practitioner against California Department of Corrections and Rehabilitation, Division of Correctional Health Care Services ("CDCR") and its various employees and officials, Defendants filed two motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff opposed the motions. For the reasons which follow, the motions are **GRANTED WITH LEAVE TO AMEND**.

Plaintiff Christine Blantz, a nurse practitioner, entered into a contract with Newport Oncology and Healthcare Medical Corporation, Inc. ("NOAH") to provide medical services as an independent contractor to the CDCR medical facilities. (Compl. Ex. A.) From July 2006 to December 2007, she worked as a nurse practitioner at Calipatria State Prison ("Calipatria"). In November 2007 the CDCR medical auditor conducted an audit and provided a negative assessment of Plaintiff's performance. On December 13, 2007 Plaintiff was terminated without

notice or reason for termination. Plaintiff's requests for a written notification of her termination and reasons for termination were unanswered. In February 2008 she applied for work elsewhere within the CDCR and was informed by a third party that she had a poor recommendation from her previous work at CDCR and no longer met their requirements.

Plaintiff filed a complaint in State court alleging intentional interference with contractual relations, intentional interference with prospective economic relations, negligent interference with prospective economic relations, breach of implied employment contract – wrongful termination, breach of contract, defamation/label, violation of right to privacy – false light, violation of due process – California constitution, violation of federal civil rights (due process) – 42 U.S.C. § 1983, violation of federal civil rights (liberty/injury to reputation) – 42 U.S.C. § 1983, and breach of mandatory duty – Cal. Gov. Code §815.6. Defendants removed the action to this court. Terry Hill, M.D. is a member of the Governing Body of the California Department of Corrections and Rehabilitation, Division of Correctional Health Services ("Governing Body"). The Governing Body was established by the receiver appointed by the Hon. Thelton E. Henderson in Plata et al. v. Schwarzenegger et al., United States District Court for the Northern District of California, case no. C01-1391 THE. (Notice of Removal at 2-3.) Dr. Hill removed the action pursuant to 28 U.S.C. Section 1442(a)(1) and (3) as an officer of the United States and, alternatively, pursuant to Section 1441(a) based on federal question jurisdiction, because Plaintiff had alleged two causes of action under federal law.

After removal Defendants filed two motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). A Rule 12(b)(6) motion tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984); *see Neitzke v. Williams*, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law"). Alternatively, a complaint may be dismissed where it presents a cognizable legal theory yet fails to plead essential facts under that theory. *Robertson*, 749 F.2d at 534. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation

to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks, brackets and citations omitted).

In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all factual allegations and must construe them in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). Legal conclusions, however, need not be taken as true merely because they are cast in the form of factual allegations. *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987); *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). Similarly, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. Fed. Deposit Ins. Corp.*, 139 F.3d 696, 699 (9th Cir. 1998).

Defendants maintain that Plaintiff cannot state a claim under 42 U.S.C. Section 1983 for a constitutional violation. In her ninth cause of action, Plaintiff claims that her procedural due process rights under the Fourteenth Amendment were violated because she was terminated without notice or an opportunity to be heard, and has never been provided with a reason for her termination. (Compl. at 15.) She seeks reinstatement. (*Id.*)

"To establish a § 1983 claim, a plaintiff must show that an individual acting under the color of state law deprived him of a right, privilege, or immunity protected by the United States Constitution or federal law." *Levine v. City of Alameda*, 525 F.3d 903, 905 (9th Cir. 2008). Plaintiff claims that her federal constitutional rights were violated by CDCR and its officials. Plaintiff must further allege that her termination violated the due process clause of the Fourteenth Amendment.

> The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property. When protected interests are implicated, the right to some kind of prior hearing is paramount. But the range of interests protected by procedural due process is not infinite.

*Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 569-70 (1972) (footnote omitted). In the ninth cause of action, Plaintiff contends she had a property interest in her continued employment

and was therefore entitled to due process before termination.

> To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it.  He must have more than a unilateral expectation of it.  He must, instead, have a legitimate claim of entitlement to it. . . . [¶] Property interests, of course, are not created by the Constitution.  Rather they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law rules or understandings that secure certain benefits and that support claims of entitlement to those benefits.

*Bd. of Regents*, 408 U.S. at 577.  Accordingly, "a mere expectation that employment will continue does not create a property interest.  If under state law, employment is at-will, then the claimant has no property interest in the job." *Portman v. County of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993) (internal citations omitted); *see also Bishop v. Wood*, 426 U.S. 341, 345 n.8 (1976).  "There is no right [solely] under the substantive due process clause to be terminable only for cause."  *Id*. at 902 n.1.  However, where the employee has a legitimate claim of entitlement to termination only for cause, he or she has "a property interest which [is] entitled to constitutional protection."  *Bishop*, 426 U.S. at 345 n.8.

Defendants argue that Plaintiff did not have a property interest in her job because she was not a public employee at all, but worked for NOAH, a private sector government contractor.  This argument is supported by the terms Plaintiff's contract with NOAH.  (*See* Compl. Ex. A at 1 & ¶¶ 3.2, 3.2.4.)  Plaintiff agreed to "provide medical services as an independent contractor on a locum tenens basis [1] to [CDCR] medical facilities served by [NOAH]."  (*Id.* at 1.)  Under the contract, NOAH, not CDCR, paid Plaintiff for her work at CDCR's facilities, and Plaintiff was required to report her work hours to NOAH.  (*Id.* ¶1.1.)  Among other things, the contract provides for procedures when the client, *i.e.*, CDCR, has complaints about Plaintiff's work, grievance procedures, and termination procedures.  (*Id*. ¶ 1.3, 2.7 & 4.)  Specifically, the contract allows NOAH, upon CDCR's request, to immediately remove Plaintiff from her placement with CDCR and terminate the contract.  (*Id*. ¶ 4.2.7.)

Plaintiff apparently relies on Paragraph 2.3 of the contract to argue that she had a property

---

[1]   "Locum tenens" in the medical employment context refers to a medical practitioner "who acts as a temporary substitute for another." *Khajavi v. Feather River Anesthesia Med. Group*, 84 Cal. App. 4th 32, 39 (2000).

interest in her job based on the policies and procedures applicable to CDCR's employees. Paragraph 2.3 provides in its entirety: "NURSE shall follow the policies, procedures, rules, regulations and medical staff bylaws of the CLIENT facilities at which NURSE performs services pursuant to the agreement."

First, this provision obligates *Plaintiff* to follow CDCR's policies and procedures and does not obligate CDCR to do the same.[2] Second, Plaintiff uses this provision as a stepping stone to argue that the Health Care Orientation Manual she received at a CDCR facility and a document entitled "Licensed Independent Practitioners – Due Process" became the terms of her agreement with CDCR.  (*See* Compl. at 11.)

"A property interest in employment can, of course, be created by ordinance, or by an implied contract.  In either case, however, the sufficiency of the claim of entitlement must be decided by reference to state law." *Bishop*, 426 U.S. at 344 (footnotes omitted).

> Under California law, the terms of public employment are governed entirely by statute, not by contract, and hence as a matter of law, there can be no express or implied-in-fact contract between [a] plaintiff and [a public employer] which restricts the manner or reasons for termination of his employment.

*Portman*, 995 F.2d at 905 (brackets, internal quotation marks and citation omitted).  Plaintiff therefore cannot base her property interest on a contract with CDCR.

Alternatively, Plaintiff argues that she had a property interest even if she was not a California civil service employee, as long as there was a CDCR personnel rule which promised her due process rights. *See Int'l Bhd. of Elec. Workers v. City of Gridley*, 34 Cal.3d 191, 207 (1983).  For example, when, in the absence of a civil service status, applicable local ordinance or resolution, city workers would be considered employed at-will, they were held to have a property interest in their jobs based on the city's personnel rules which provided that after completion of the probationary period, they could only be discharged for cause. *Id.*  Relying on this authority, Plaintiff again points to the Health Care Orientation Manual and the document entitled "Licensed Independent Practitioners – Due Process."

---

[2]  CDCR is not a party to the contract between Plaintiff and NOAH.  (*See* Compl. Ex. A.)

Plaintiff alleged that she received the manual from CDCR; however, none of its excerpts referenced in the complaint include any provisions relating to termination for cause or due process upon termination. (*See* Compl. at 3-5.)  It is not clear how Plaintiff learned of the "Licensed Independent Practitioners – Due Process" document.  Contrary to the assertion in her opposition brief (Opp'n at 11), she did not allege that she had received a copy from CDCR. (*See* Compl. at 3-5.)  In addition, the excerpts from the manual referenced in the complaint do not incorporate it by reference. (*See id*.)  Assuming, *arguendo*, that CDCR provided the document to Plaintiff, the document does not provide for termination only for cause or a procedure upon termination. (*See* Compl. Ex. G.)  Instead, the document provides for a peer review process to improve medical services to inmates and comply with professional standards on a routine basis and when specific issues arise. (*See, e.g., id.* ¶¶ II & VI.D.)  None the options listed for the time before or after the peer review process address termination. (*See id*. ¶¶ VI.G. & I., IX, XI.L.)  Instead, "adverse action," which includes termination, is referenced as a process which may be concurrent with the peer review process, and is therefore independent of the peer review process. (*Id.* ¶XV.)  Accordingly, aside from the fact that Plaintiff was employed by a government contractor and not by CDCR, neither of the documents she relies on provides a basis for a "legitimate claim of entitlement" to termination only for cause or a property interest in her job.  Plaintiff's ninth cause of action is therefore **DISMISSED**.

In the alternative, even if Plaintiff had stated a due process claim in her ninth cause of action, Defendants are shielded by qualified immunity.

> The qualified immunity analysis involves two separate steps.  First, the court determines whether the facts show the officer's conduct violated a constitutional right.  If the alleged conduct did not violate a constitutional right, then the defendants are entitled to immunity and the claim must be dismissed.  However, if the alleged conduct did violate such a right, then the court must determine whether the right was clearly established at the time of the alleged unlawful action.  A right is clearly established if a reasonable official would understand that what he is doing violates that right.  If the right is not clearly established, then the officer is entitled to qualified immunity.

*Hopkins v. Bonvicino*, 573 F.3d 752, 762 (9th Cir. 2009) (internal quotation marks and citations omitted).  The order in which these questions are addressed is left to the court's discretion. *Pearson v. Callahan*, __ U.S. __, 129 S. Ct. 808, 818 (2009).  The inquiry whether the right was

clearly established, "must be undertaken in light of the specific context of the case, not as a broad general proposition. . . . The relevant, dispositive inquiry . . . is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Saucier v. Katz*, 533 U.S. 194, 202 (2001), overruled on other grounds by *Pearson*, __ U.S. __, 129 S. Ct. 808. Under the circumstances of this case and the state of the law at the time of Plaintiff's termination in December 2007, a reasonable CDCR officer would have believed that Plaintiff did not have a property interest in her job and that her due process rights were not violated when she was terminated. The ninth cause of action can therefore be dismissed on this alternative ground as well.

Defendants also contend that the tenth cause of action, based on 42 U.S.C. Section 1983, for violation of Plaintiff's liberty interest under the due process clause should be dismissed. Plaintiff alleged her due process rights under the Fourteenth Amendment were violated because her protected interest in professional reputation was harmed by publishing defamatory statements about her without providing her with a name-clearing hearing. (Compl. at 16.)

> A liberty interest is implicated in the employment termination context if the charge impairs a reputation for honesty or morality. To implicate constitutional liberty interests, the reasons for dismissal must be sufficiently serious to stigmatize or otherwise burden the individual so that he is not able to take advantage of other employment opportunities. . . . [¶] If, in the context of employment termination, the employer publicizes a charge that impairs a reputation for honesty or morality, then a liberty interest is implicated and the employee must be allowed to refute the stigmatizing charge.

*Tibbets v. Kulongoski*, 567 F.3d 529, 535-36 (9th Cir. 2009) (internal brackets, ellipsis, quotation marks and citations omitted).

Plaintiff alleged that Defendant James Ruddy, a CDCR medical auditor, reviewed her patient charts and provided a negative assessment of her performance at Calipatria. (Compl. at 5.) She contends that the assessment was erroneous and inconsistent with her prior evaluations and performance reviews. (*Id.*) She was terminated on December 13, 2007 and no reasons for termination was given at that time. (*Id.* at 6.) In February 2008 she applied for employment elsewhere within the CDCR. She was told by a third party that "she failed to meet CDCR's requirements," had "poor recommendations from her previous work at CDCR" and that she "no

longer met their requirements." (*Id*.)

Plaintiff contends that Defendants made false statements about her when they published the negative performance reviews, stated that she failed to meet State requirements for employment with CDCR, and provided her with poor recommendations concerning her previous work at CDCR. (Compl. at 12.) She claims this harmed her in her occupation and with respect to her professional reputation in the community in which she works, making it impossible for her to obtain work as a nurse practitioner within the CDCR system. (*Id*. at 13, 16.)

As alleged, Defendants' statements were not stigmatizing so as to trigger a constitutional violation. To be stigmatizing for purposes of the Fourteenth Amendment, Defendants' statements would have to impair her reputation for honesty or morality. *See Tibbets*, 567 F.3d at 535. Although Plaintiff's allegations warrant a reasonable inference that Defendants impaired her reputation for professional competence, they do not suggest that they impaired her reputation for honesty or morality. The fact that Plaintiff's termination might make her "somewhat less attractive to some other employers would hardly establish the kind of foreclosure of opportunities amounting to a deprivation of 'liberty.'" *Bd. of Regents*, 408 U.S. at 574 n.13. "[A]llegations of incompetence . . . [do] not infringe a liberty interest, even though they might negatively influence the individual's professional life by forcing the individual down one or more notches in the professional hierarchy." *Roth v. Veteran's Admin. of the Gov't of he U.S.*, 856 F.2d 1401, 1411 (9th Cir. 1988) (internal bracket, quotation marks and citation omitted), overruled in part on other grounds by *Garcetti v. Ceballos*, 547 U.S. 410, 417 (2006). Plaintiff's tenth cause of action is therefore dismissed on the ground that Defendants' alleged statements were not stigmatizing for purposes of the Fourteenth Amendment.

Furthermore, there is a distinction

> between matters within the scope of the employer-employee relationship that could lead to reduced economic returns and diminished prestige and those that might result in permanent exclusion from, or protracted interruption of, gainful employment within the trade or profession. The latter might warrant procedural protection under the Constitution, but the former does not.

*Roth*, 856 F.2d at 1411(internal quotation marks and citations omitted). This is because "people do not have liberty interests in a specific employer" or even in a civil service career. *Llamas v.*

8

09cv2145

*Butte Cmty. College Dist.*, 238 F.3d 1123, 1128 (9th Cir. 2001); *see also Bd. of Regents*, 408 U.S. at 573. Plaintiff alleged that she was precluded from further employment with CDCR. She did not allege she was precluded from all employment as a registered nurse. Accordingly, she has failed to state a claim on this ground as well.

In the alternative, qualified immunity shields Defendants from further litigation of the tenth cause of action. Based on the facts as alleged by Plaintiff and the law discussed above, a reasonable officer of the state would have believed that his conduct under the circumstances was lawful. Based on the foregoing, the tenth cause of action is **DISMISSED**.

Dr. Hill, who filed a separate motion to dismiss, argues that all claims asserted against him should be dismissed for failure to allege any facts involving him in the alleged wrongdoing. Plaintiff asserted the following claims against Dr. Hill: first cause of action for intentional interference with contractual relations, second cause of action for intentional interference with prospective economic relations, third cause of action for negligent interference with prospective economic relations, eighth cause of action for violation of due process under the California constitution, and ninth cause of action for violation of due process under the federal constitution.[3]

Federal Rule of Civil Procedure 8(a)(2) requires every complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Accordingly, Rule 8

> does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1949 (2009) (brackets, internal quotation marks and citations omitted). Furthermore, to survive a Rule 12(b)(6) motion,

> a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

---

[3] For the reasons discussed above, the ninth cause of action is dismissed against all Defendants, including Dr. Hill.

*Id.* (internal quotation marks and citations omitted).

The only allegation in the complaint which is particular to Dr. Hill is that he "was, at all times relevant to this complaint, a resident of the State of California, the Chief Medical Officer for the CDCR, and a governing body member of the CDCR." (Compl. at 2.)[4] Nowhere in the complaint does Plaintiff allege any facts to support a reasonable inference that Dr. Hill was involved in Plaintiff's allegedly erroneous performance review, her termination or the deprivation of her alleged due process rights. The complaint does not contain sufficient factual matter to infer that Dr. Hill is liable for the misconduct alleged, and therefore does not state a claim against Dr. Hill. Accordingly, his motion to dismiss all claims asserted against him is **GRANTED**

Having granted the motions to dismiss with respect to the claims which provide the basis for federal subject matter jurisdiction, the court must next consider whether Plaintiff should be granted leave to amend. *See Schreiber Distrib. Co. v. Serv-Well Furniture Co., Inc.*, 806 F.2d 1393, 1401 (9th Cir. 2004). Rule 15 advises the court that leave to amend shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (internal quotation marks and citation omitted).

> In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. -- the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962). Dismissal with prejudice and without leave to amend is not appropriate unless it is clear that the complaint could not be saved by amendment. *Id.* Because Plaintiff may be able to allege additional facts to state any of the dismissed claims, **LEAVE TO AMEND IS GRANTED**.

Because no claims remain in this action on which federal subject matter jurisdiction is

---

[4] Dr. Hill maintains that this allegation is erroneous and contrary to the judicially noticeable documents filed in support of his motion. (*See* Mem. of P.&A. at 5.) The court need not decide this issue at this time.

based, the court declines to exercise supplemental jurisdiction over the remaining state law claims. 28 U.S.C. § 1367(c). They are **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction. Should Plaintiff choose to file an amended complaint, she may re-allege these claims.

Based on the foregoing, it is hereby **ORDERED** as follows:

1. The motion to dismiss filed by Defendant Terry Hill, M.D. is **GRANTED WITH LEAVE TO AMEND**.

2. The motion to dismiss filed by the remaining Defendants is **GRANTED** with respect to the ninth and tenth causes of action. Plaintiff is **GRANTED LEAVE TO AMEND**.

3. The remaining causes of action are **DISMISSED WITHOUT PREJUDICE**.

4. If Plaintiff chooses to file an amended complaint, she must do so no later than **September 17, 2010**. Defendants shall respond to the amended complaint within the time set forth in Federal Rule of Civil Procedure 15(a)(3).

**IT IS SO ORDERED**.

DATED: August 24, 2010

_____
M. James Lorenz
United States District Court Judge

COPY TO:

HON. BARBARA L. MAJOR
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL