UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINE BLANTZ, <br><br> Plaintiff, <br><br>v. <br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, DIVISION OF CORRECTIONAL HEALTH CARE SERVICES, *et al.* <br><br> Defendants. | Civil No. 09cv2145-L(BLM) <br><br> **ORDER (1) GRANTING DEFENDANT TERRY HILL'S MOTION TO DISMISS; (2) GRANTING IN PART THE REMAINING DEFENDANTS' MOTION TO DISMISS; AND (3) REMANDING ACTION TO STATE COURT** |

In this wrongful termination action by a nurse practitioner against California Department of Corrections and Rehabilitation, Division of Correctional Health Care Services ("CDCR") and its various employees and officials, Defendants filed motions to dismiss Plaintiff's second amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff opposed the motions. Because Plaintiff failed to remedy the deficiencies which led to the dismissal of her first amended complaint (*see* Order (1) Granting with Leave to Amend Defendant Terry Hill's Motion to Dismiss; and (2) Granting with Leave to Amend the Remaining Defendants' Motion to Dismiss, filed Aug. 24, 2010), and for the reasons which follow, the motions are **GRANTED IN PART** and the remainder of this action is **REMANDED** to State court.

Plaintiff Christine Blantz entered into a contract with Newport Oncology and Healthcare Medical Corporation, Inc. ("NOAH") to provide medical services as an independent contractor

to the CDCR medical facilities. (Second Am. Compl. ("Compl.") Exh. A.) From July 2006 to December 2007, she worked as a nurse practitioner at Calipatria State Prison ("Calipatria"). In November 2007 the CDCR medical auditor conducted an audit and provided a negative assessment of Plaintiff's performance. On December 13, 2007 Plaintiff was terminated without notice or reason for termination. Plaintiff's requests for a written notification of her termination and reasons for termination were unanswered. In February 2008 she applied for work elsewhere within the CDCR and was informed by a third party that she had a poor recommendation from her previous work at CDCR and no longer met their requirements.

Plaintiff filed a complaint in State court alleging intentional interference with contractual relations, intentional interference with prospective economic relations, negligent interference with prospective economic relations, breach of implied employment contract – wrongful termination, breach of contract, defamation/label, violation of right to privacy – false light, violation of due process – California constitution, violation of federal civil rights (due process) – 42 U.S.C. § 1983, violation of federal civil rights (liberty/injury to reputation) – 42 U.S.C. § 1983, and breach of mandatory duty – Cal. Gov. Code §815.6.

Defendants removed Plaintiff's first amended complaint to this court. Defendant Terry Hill, M.D. is a member of the Governing Body of the California Department of Corrections and Rehabilitation, Division of Correctional Health Services ("Governing Body"). The Governing Body was established by the receiver appointed by the Hon. Thelton E. Henderson in *Plata et al. v. Schwarzenegger et al.*, United States District Court for the Northern District of California, case no. C01-1391 THE. (Notice of Removal at 2-3.) Dr. Hill removed the action pursuant to 28 U.S.C. Section 1442(a)(1) and (3) as an officer of the United States and, alternatively, pursuant to Section 1441(a) based on federal question jurisdiction, because Plaintiff had alleged two causes of action under federal law.

After removal Defendants filed motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). The motions were granted with leave to amend. Subsequently, Plaintiff filed a second amended complaint, which Defendants again moved to dismiss under Rule 12(b)(6).

A Rule 12(b)(6) motion tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory. *Shroyer v. New Cingular Wireless Serv., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (internal quotation marks and citation omitted); *see Neitzke v. Williams*, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law"). Alternatively, a complaint may be dismissed where it presents a cognizable legal theory yet fails to plead essential facts under that theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984); *see also Shroyer*, 622 F.3d at 1041. "In addition, to survive a motion to dismiss, a complaint must contain sufficient factual matter to state a facially plausible claim to relief." *Shroyer*, 622 F.3d at 1041, citing *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1949 (2009). In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all factual allegations and must construe them in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). Legal conclusions need not be taken as true merely because they are couched as factual allegations. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Similarly, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. Fed. Deposit Ins. Corp.*, 139 F.3d 696, 699 (9th Cir. 1998).

Defendants maintain, among other things, that Plaintiff cannot state a claim under 42 U.S.C. Section 1983 for a constitutional violation. In her ninth cause of action, Plaintiff claims that her procedural due process rights under the Fourteenth Amendment were violated because she was terminated without notice or an opportunity to be heard, and has never been provided with a reason for her termination. (Compl. at 18-19.) She seeks reinstatement and other relief. (*Id.*)

"To establish a § 1983 claim, a plaintiff must show that an individual acting under the color of state law deprived him of a right, privilege, or immunity protected by the United States Constitution or federal law." *Levine v. City of Alameda*, 525 F.3d 903, 905 (9th Cir. 2008). Plaintiff claims that her federal constitutional rights were violated by CDCR and its officials. Plaintiff must further allege that her termination violated the due process clause of the

Fourteenth Amendment.

> The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property. When protected interests are implicated, the right to some kind of prior hearing is paramount. But the range of interests protected by procedural due process is not infinite.

*Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 569-70 (1972) (footnote omitted). In the ninth cause of action, Plaintiff contends she had a property interest in her continued employment and was therefore entitled to due process before termination.

> To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it. . . . [¶] Property interests, of course, are not created by the Constitution. Rather they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law rules or understandings that secure certain benefits and that support claims of entitlement to those benefits.

*Bd. of Regents*, 408 U.S. at 577. Accordingly, "a mere expectation that employment will continue does not create a property interest. If under state law, employment is at-will, then the claimant has no property interest in the job." *Portman v. County of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993) (internal citations omitted); *see also Bishop v. Wood*, 426 U.S. 341, 345 n.8 (1976). "There is no right [solely] under the substantive due process clause to be terminable only for cause." *Id.* at 902 n.1. However, where the employee has a legitimate claim of entitlement to termination only for cause, he or she has "a property interest which [is] entitled to constitutional protection." *Bishop*, 426 U.S. at 345 n.8.

Defendants argue that Plaintiff did not have a property interest in her job because she was not a public employee at all, but worked for NOAH, a private sector government contractor. This argument is supported by the terms of Plaintiff's contract with NOAH. (*See* Compl. Ex. A at 1 & ¶¶ 3.2, 3.2.4.) Plaintiff agreed to "provide medical services as an independent contractor on a locum tenens basis [1] to [CDCR] medical facilities served by [NOAH]." (*Id.* at 1.) Under the contract, NOAH, not CDCR, paid Plaintiff for her work at CDCR's facilities, and Plaintiff

---

[1] "Locum tenens" in the medical employment context refers to a medical practitioner "who acts as a temporary substitute for another." *Khajavi v. Feather River Anesthesia Med. Group*, 84 Cal. App. 4th 32, 39 (2000).

was required to report her work hours to NOAH.  (*Id.* ¶1.1.)  Among other things, the contract provides for procedures when the client, *i.e.*, CDCR, has complaints about Plaintiff's work, grievance procedures, and termination procedures.  (*Id*. ¶ 1.3, 2.7 & 4.)  Specifically, the contract allows NOAH, upon CDCR's request, to immediately remove Plaintiff from her placement with CDCR and terminate the contract.  (*Id*. ¶ 4.2.7.)

Plaintiff apparently relies on Paragraph 2.3 of her contract with NOAH to argue that she had a property interest in her job based on the policies and procedures applicable to CDCR's employees.  Paragraph 2.3 provides in its entirety:  "NURSE shall follow the policies, procedures, rules, regulations and medical staff bylaws of the CLIENT facilities at which NURSE performs services pursuant to the agreement."

First, this provision obligates *Plaintiff* to follow CDCR's policies and procedures and does not obligate CDCR to do the same.[2]  Second, Plaintiff uses this provision as a stepping stone to argue that the Health Care Orientation Manual she received at her orientation and a document entitled "Licensed Independent Practitioners – Due Process" became the terms of an employment agreement she argues she had with *CDCR*.  (*See* Compl. at 14-15.)

"A property interest in employment can, of course, be created by ordinance, or by an implied contract.  In either case, however, the sufficiency of the claim of entitlement must be decided by reference to state law."  *Bishop*, 426 U.S. at 344 (footnotes omitted).

> Under California law, the terms of public employment are governed entirely by statute, not by contract, and hence as a matter of law, there can be no express or implied-in-fact contract between [a] plaintiff and [a public employer] which restricts the manner or reasons for termination of his employment.

*Portman*, 995 F.2d at 905 (brackets, internal quotation marks and citation omitted).  Plaintiff therefore cannot base her property interest on an alleged contract she had with CDCR.

Alternatively, Plaintiff argues that she had a property interest even if she was not a California civil service employee, as long as there was a CDCR personnel rule which promised her due process rights.  *See Int'l Bhd. of Elec. Workers v. City of Gridley*, 34 Cal.3d 191, 207

---

[2]   CDCR is not a party to the contract between Plaintiff and NOAH.  (*See* Compl. Ex. A.)

1  (1983). For example, when, in the absence of a civil service status, applicable local ordinance or
2  resolution, city workers would be considered employed at-will, they were held to have a
3  property interest in their jobs based on the city's personnel rules which provided that after
4  completion of the probationary period, they could only be discharged for cause. *Id*. Relying on
5  this authority, Plaintiff again points to the Health Care Orientation Manual and the document
6  entitled "Licensed Independent Practitioners – Due Process."

7  Plaintiff received the Health Care Orientation Manual at the CDCR orientation session.
8  (Compl. at 4.) None of the provisions of the manual quoted in the complaint (Compl. at 4-5) or
9  referenced in Plaintiff's opposition briefs (Pl.'s Opp'n (doc. no 27) at 14; *see also* Pl.'s Opp'n to
10 Def. Hill's Mot. to Dismiss (doc. no. 22) at 10) address permissible reasons for or procedures
11 governing termination. Plaintiff argues that the referenced provisions from the manual provided
12 her with "some expectation of continued employment with the CDCR, with notice of any
13 problems with her services and an opportunity to correct them." (Pl.'s Opp'n (doc. no. 27) at
14 14). This argument is rejected as unsupported by the referenced portions of the manual.

15 Plaintiff also relies on the "Licensed Independent Practitioners – Due Process" document.
16 The excerpts from the manual referenced in the complaint and Plaintiff's opposition do not
17 expressly incorporate it by reference. (*See* Compl. at 4-5; (Pl.'s Opp'n (doc. no 27) at 14).)
18 Furthermore, the document does not address reasons for or procedures governing termination.
19 (*See* Compl. Exh. L.) Instead, it provides for a peer review process to improve medical services
20 to inmates and comply with professional standards on a routine basis and when specific issues
21 arise. (*See, e.g., id.* ¶¶ II & VI.D.) None the options listed for the time frame before or after the
22 peer review process address termination. (*See id*. ¶¶ VI.G. & I., IX, XI.L.) Instead, "adverse
23 action," which includes termination, is referenced as a process which may be concurrent with the
24 peer review process, and is therefore independent of the peer review process. (*Id*. ¶XV.)
25 Moreover, the document does not *require* termination to take place in conjunction with the peer
26 review process. Plaintiff's argument that the "Licensed Independent Practitioners – Due
27 Process" document provided her with an expectation of continued employment (Pl.'s Opp'n
28 (doc. no 27) at 14-15; *see also* Pl.'s Opp'n to Def. Hill's Mot. to Dismiss (doc. no. 22) at 10-11)

is therefore rejected.

In her second amended complaint Plaintiff also referenced Chapter 1, Division 3 of Title 15 of the California Code of Regulations (Rules and Regulations of the Director of Corrections). (Compl. at 7.) However, Plaintiff did not base her opposition to Defendants' motions on Title 15. (*See* Pl.'s Opp'n (doc. no 27) at 14-15; *see also* Pl.'s Opp'n to Def. Hill's Mot. to Dismiss (doc. no. 22) at 8-11.) Any argument that Title 15 provided her with a legitimate expectation of continued employment is therefore waived for purposes of the instant motions to dismiss. *See* Civ. Loc. Rule 7.1(f)(3).

Accordingly, aside from the fact that Plaintiff was employed by a government contractor and not by CDCR, neither of the documents she relies on provides a basis for a property interest in her job under the Fourteenth Amendment. Plaintiff's ninth cause of action is therefore **DISMISSED**.

In the alternative, even if Plaintiff had stated a due process claim in her ninth cause of action, Defendants are shielded by qualified immunity.

> The qualified immunity analysis involves two separate steps. First, the court determines whether the facts show the officer's conduct violated a constitutional right. If the alleged conduct did not violate a constitutional right, then the defendants are entitled to immunity and the claim must be dismissed. However, if the alleged conduct did violate such a right, then the court must determine whether the right was clearly established at the time of the alleged unlawful action. A right is clearly established if a reasonable official would understand that what he is doing violates that right. If the right is not clearly established, then the officer is entitled to qualified immunity.

*Hopkins v. Bonvicino*, 573 F.3d 752, 762 (9th Cir. 2009) (internal quotation marks and citations omitted). The order in which these questions are addressed is left to the court's discretion. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009). The inquiry whether the right was clearly established "must be undertaken in light of the specific context of the case, not as a broad general proposition. . . . The relevant, dispositive inquiry . . . is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Saucier v. Katz*, 533 U.S. 194, 202 (2001), overruled on other grounds by *Pearson*, 555 U.S. 223. Under the circumstances of this case and the state of the law at the time of Plaintiff's termination in December 2007, a reasonable CDCR officer would have believed that Plaintiff did not have a

property interest in her job and that her due process rights were not violated when she was terminated. The ninth cause of action can therefore be dismissed on this alternative ground as well.

Defendants also contend that the tenth cause of action, based on 42 U.S.C. Section 1983, for violation of Plaintiff's liberty interest under the due process clause should be dismissed. Plaintiff alleged her due process rights under the Fourteenth Amendment were violated because her protected interest in professional reputation was harmed by publishing defamatory statements about her without providing her with a name-clearing hearing. (Compl. at 19-20.)

> A liberty interest is implicated in the employment termination context if the charge impairs a reputation for honesty or morality. To implicate constitutional liberty interests, the reasons for dismissal must be sufficiently serious to stigmatize or otherwise burden the individual so that he is not able to take advantage of other employment opportunities. . . . [¶] If, in the context of employment termination, the employer publicizes a charge that impairs a reputation for honesty or morality, then a liberty interest is implicated and the employee must be allowed to refute the stigmatizing charge.

*Tibbets v. Kulongoski*, 567 F.3d 529, 535-36 (9th Cir. 2009) (internal brackets, ellipsis, quotation marks and citations omitted).

Plaintiff alleged that Defendant James Ruddy, a CDCR medical auditor, reviewed her patient charts and provided a negative assessment of her performance at Calipatria. (Compl. at 7.) She contends that the assessment was erroneous and inconsistent with her prior evaluations and performance reviews. (*Id*. at 8) She was terminated on December 13, 2007 and no reasons for termination was given at that time. (*Id*.) In February 2008 she applied for employment elsewhere within the CDCR. She was told by a third party that "she failed to meet CDCR's requirements," had "poor recommendations from her previous work at CDCR" and that she "no longer met their requirements." (*Id*. at 9)

Plaintiff contends that Defendants made false statements about her when they published negative performance reviews, stated that she failed to meet State requirements for employment with CDCR, provided her with poor recommendations concerning her previous work at CDCR and published unwarranted and false information concerning her reputation. (Compl. at 9, 16.) She claims this harmed her in her occupation and with respect to her professional reputation in

the community in which she works, making it impossible for her to obtain work as a nurse practitioner within the CDCR system. (*Id*. at 16, 19-20.)

Assuming, *arguendo*, that Plaintiff's sole conclusory allegation that Defendants published "unwarranted and false information concerning her reputation for honesty and/or morality" (Compl. at 9) is sufficient to allege a stigmatizing statement in support a constitutional violation, *see Tibbets*, 567 F.3d at 535, Plaintiff still failed to allege a viable constitutional claim.[3] There is a distinction

> between matters within the scope of the employer-employee relationship that could lead to reduced economic returns and diminished prestige and those that might result in permanent exclusion from, or protracted interruption of, gainful employment within the trade or profession. The latter might warrant procedural protection under the Constitution, but the former does not.

*Roth v. Veteran's Admin. of the Gov't of he U.S.*, 856 F.2d 1401, 1411 (9th Cir. 1988) (internal quotation marks and citation omitted), overruled in part on other grounds by *Garcetti v. Ceballos*, 547 U.S. 410, 417 (2006). This is because "people do not have liberty interests in a specific employer" or even in a civil service career. *Llamas v. Butte Cmty. College Dist.*, 238 F.3d 1123, 1128 (9th Cir. 2001); *see also Bd. of Regents*, 408 U.S. at 573. Plaintiff alleged that she was precluded from further employment with CDCR. (Compl. at 9; *see also* (Pl.'s Opp'n (doc. no 27) at 16-17.) She did not allege she was precluded from all employment as a registered nurse. Accordingly, she has failed to state a claim for violation of her liberty interest under the Fourteenth Amendment.

In the alternative, qualified immunity shields Defendants from further litigation of the tenth cause of action. Based on the facts as alleged by Plaintiff and the law discussed above, a reasonable officer of the state would have believed that his conduct under the circumstances was

---

[3] Plaintiff's more articulated allegations of impairment of reputation for professional competence are not sufficient as a matter of law to state a constitutional claim. The fact that Plaintiff's termination might make her "somewhat less attractive to some other employers would hardly establish the kind of foreclosure of opportunities amounting to a deprivation of 'liberty.'" *Bd. of Regents*, 408 U.S. at 574 n.13. "[A]llegations of incompetence . . . [do] not infringe a liberty interest, even though they might negatively influence the individual's professional life by forcing the individual down one or more notches in the professional hierarchy." *Roth v. Veteran's Admin. of the Gov't of he U.S.*, 856 F.2d 1401, 1411 (9th Cir. 1988) (internal bracket, quotation marks and citation omitted), overruled in part on other grounds by *Garcetti v. Ceballos*, 547 U.S. 410, 417 (2006).

lawful. Based on the foregoing, the tenth cause of action is **DISMISSED**.

Dr. Hill, who filed a separate motion to dismiss, argues that all claims asserted against him should be dismissed, among other things, for failure to allege any facts involving him in the alleged wrongdoing. In her second amended complaint Plaintiff asserted the following claims against Dr. Hill: first cause of action for intentional interference with contractual relations, second cause of action for intentional interference with prospective economic relations, third cause of action for negligent interference with prospective economic relations, eighth cause of action for violation of due process under the California constitution, and ninth cause of action for violation of due process under the federal constitution.[4]

Federal Rule of Civil Procedure 8(a)(2) requires every complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Accordingly, Rule 8

> does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Iqbal*, 129 S. Ct. at 1949 (brackets, internal quotation marks and citations omitted). To survive a Rule 12(b)(6) motion,

> a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Id*. (internal quotation marks and citations omitted).

The only allegations in the complaint which are particular to Dr. Hill are that he "was, at all times relevant to this complaint, a resident of the State of California, the Chief Medical Officer for the CDCR and/or for the federally appointed Receiver in charge of the California prison medical care system, and a governing body member of the CDCR" (Compl. at 2),[5] and

---

[4] For the reasons discussed above, the ninth cause of action is dismissed against all Defendants, including Dr. Hill.

[5] Dr. Hill maintains that this allegation is erroneous and contrary to the judicially noticeable documents filed in support of his motion. The court need not decide this issue at this time.

that various wrongdoing alleged in the complaint was done "at the direction of defendant[] . . . Hill" (*id.* at 8-9). Plaintiff did not allege any facts to buttress the latter conclusory allegation. A complaint against Dr. Hill which tenders no more than "naked assertions devoid of further factual enhancement" is insufficient. *Iqbal*, 129 S. Ct. at 1949 (internal quotation marks, brackets and citation omitted.) For example, a general and unelaborated statement that the defendant "exercised control over the [plaintiffs'] day-to-day employment . . . is a conclusion, not a factual allegation stated with any specificity," and need not be accepted on its face as sufficient to support a claim for purposes of a Rule 12(b)(6) motion. *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 683 (9th Cir. 2009). Accordingly, Plaintiff's similarly general and unelaborated statement that the alleged wrongdoing was done at Dr. Hill's direction is insufficient. The complaint therefore does not contain sufficient factual matter to state a claim against Dr. Hill. Accordingly, his motion to dismiss all claims asserted against him is **GRANTED**.

The court next considers whether Plaintiff should be granted leave to amend. *See Schreiber Distrib. Co. v. Serv-Well Furniture Co., Inc.*, 806 F.2d 1393, 1401 (9th Cir. 2004). Rule 15 advises the court that leave to amend shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (internal quotation marks and citation omitted).

> In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. -- the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962). Dismissal with prejudice and without leave to amend is not appropriate unless it is clear that the complaint could not be saved by amendment. *Id*.

Plaintiff has already amended her complaint twice. Before filing her second amended complaint, the court issued an order outlining the pleading deficiencies in her first amended complaint. (Order (1) Granting with Leave to Amend Defendant Terry Hill's Motion to

Dismiss; and (2) Granting with Leave to Amend the Remaining Defendants' Motion to Dismiss, filed Aug. 24, 2010.) Plaintiff has neither cured those deficiencies, nor attempted to explain her failure to do so. She has not requested leave to amend. Based on the foregoing, it appears that granting another leave to amend would be futile. Leave to amend is therefore **DENIED**. *See William O. Gilley Enters, Inc. v. Atl. Richfield Co.*, 588 F.3d 659, 669 n.8 (9th Cir. 2009).

Accordingly, it is hereby **ORDERED** as follows:

1. Motion of Defendant Terry Hill, M.D. to Dismiss Second Amended Complaint of Plaintiff Christine Blantz is **GRANTED**. All claims asserted against Dr. Hill are **DISMISSED WITH PREJUDICE**.

2. The remaining Defendants' Motion to Dismiss Second Amended Complaint is **GRANTED IN PART**. Plaintiff's ninth cause of action for violation of federal civil rights (due process) – 42 U.S.C. § 1983 and tenth cause of action for violation of federal civil rights (liberty/injury to reputation) – 42 U.S.C. § 1983 are **DISMISSED WITH PREJUDICE**.

3. Because no claims remain in this action over which this court has original jurisdiction, the court declines to exercise supplemental jurisdiction over the remaining state law claims. 28 U.S.C. § 1367(c)(3). All remaining claims are **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction and are **REMANDED** to State court.

**IT IS SO ORDERED**.

DATED: August 4, 2011

                          M. James Lorenz
                          United States District Court Judge

COPY TO:

HON. BARBARA L. MAJOR
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL